

**U.S. Department of Justice**

---

This request is GRANTED. The ICMC is adjourned *sine die* and the parties' obligation to submit a proposed case management plan is STAYED until the Court adjudicates Defendant's pending motion to dismiss at Dkt. No. 5. SO ORDERED.

*Jennifer E. Willis*

JENNIFER E. WILLIS
United States Magistrate Judge
April 21, 2026

**By ECF**
Hon. Jennifer E. Willis
United States Magistrate Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:    *Dembele v. United States Postal Service,* 26 CV 793 (DEH) (JW)

Dear Judge Willis:

This Office represents defendants the United States Postal Service ("USPS") and the United States of America (together, the "Government"), in this negligence action removed from New York Civil Court pursuant to the Federal Tort Claims Act (the "FTCA"), 28 U.S.C. §§ 1346(b), 2401(b), and 2671-2680. Plaintiff Sidiki Dembele ("Plaintiff"), appearing pro se, brought suit to recover the costs to repair his vehicle, which was allegedly damaged by a USPS employee's purportedly negligent driving.

As directed by the Court on April 9, 2026, Dkt. No. 13, I write respectfully to explain my absence from the initial case management conference scheduled for that day. *See* Dkt. No. 11. The undersigned apologizes profusely for my failure to appear at the initial conference and to file a proposed discovery plan as ordered. This failure arose due to my errors in case tracking and calendaring.

The undersigned's errors arose due to an unusual number of conflicting items entered on the case docket in a short period, along with the undersigned's absence from the office for a portion of this period. Specifically, the Government has filed a Notice of Removal three times (Dkt. Nos. 1, 4, 12), in response to pleading deficiencies identified by the Clerk's Office on February 6 and 19, 2026.[1] During this time, on February 5, 2026, the Government moved to

---

[1] The basis for the Clerk's Office's deficiency finding is unclear. The complaint names as defendant "USPS, at c/o Hughes, Alex, 341 9th AVE, New York, NY 10001," which the Government recorded in the ECF System when docketing the Notice of Removal. The Notice of Removal, however, is correctly captioned as being against the United States only. *See* Dkt. Nos. 4, 12. By operation of the FTCA, because Plaintiff asserts a negligence claim against a federal agency and arguably a federal employee (Alex Hughes), the action is deemed to be against the United States alone. *See* 28 U.S.C. § 2679(a) (to be cognizable, a negligence action against a federal agency is deemed to be against the United States exclusively); 28 U.S.C. § 2679(d)(1)

dismiss the case for lack of jurisdiction, because Plaintiff failed to exhaust his administrative remedies before bringing suit as the FTCA requires. *See* Dkt. Nos. 5-8. During this period, despite the Clerk's Office's notifications that the Notices of Removal were deficient, the case was assigned to Your Honor and Judge Ho, and was referred to Your Honor for general pretrial purposes. When the Court entered the initial conference order on February 11, 2026, the undersigned was out of the office attending to a family matter and thereafter, from February 12 to February 15, 2026, was out of state attending to another family matter. In light of the pending motion to dismiss, Plaintiff's failure to appear in the case or to oppose the Government's motion to dismiss, and the repeated filing deficiency notices on ECF, I failed to appreciate that the Court had scheduled an initial conference and directed the parties to confer and file a proposed discovery plan.

I apologize to the Court for my error and the resulting inconvenience to the Court and Plaintiff. In light of the Government's motion to dismiss for lack of subject matter jurisdiction, I respectfully request that the initial case management conference be adjourned *sine die*, and that the parties' obligation to submit a proposed case management plan (Dkt. No. 11), be stayed until the Court has adjudicated the Government's motion.

Again, I deeply regret this error and thank the Court for its consideration of this letter.

Respectfully,

JAY CLAYTON
United States Attorney for the
Southern District of New York

By:  /s/ *Brandon Cowart*
BRANDON H. COWART
Assistant United States Attorney
Tel.:  (212) 637-2693
Email: brandon.cowart@usdoj.gov

cc:     By FedEx
        Plaintiff (pro se)
        2798 Frederick Douglass Apt. No. 1D
        New York, New York 10039

---

(United States is automatically substituted as defendant in place of federal employee where, as here, the Attorney General certifies that the employee was acting within his or her scope of employment).