UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SIDIKI DEMBELE,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | 26 Civ. 793 (DEH)<br>**MEMORANDUM OPINION AND ORDER** |

DALE E. HO, United States District Judge:

Before the Court is the Government's[1] motion to dismiss pro se Plaintiff Sidiki Dembele's Complaint, which asserts a claim for negligence arising from an accident involving a United States Postal Service (USPS) vehicle.[2] For the reasons set forth below, the Government's motion is **GRANTED**.

## LEGAL STANDARDS

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[3] In assessing the complaint, "[a court] must construe it liberally, accepting all factual allegations therein as true and drawing all reasonable inferences in the plaintiffs' favor."[4] The Court must, however, disregard any "conclusory allegations, such as 'formulaic recitations of the elements of a cause of action.'"[5]

---

[1] Plaintiff named the United States Postal Service ("USPS") as defendant. But "[t]he only proper defendant to a tort claim under the [Federal Tort Claims Act] is the United States." *Skyers v. Sommer*, No. 12 Civ. 3432, 2016 WL 4484241, at *7 (S.D.N.Y. Aug. 23, 2016).

[2] Motion to Dismiss, ECF No. 5.

[3] *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 106 (2d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

[4] *Id.* at 106-07.

[5] *Id.* at 107 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## DISCUSSION

This case was initially filed on September 10, 2025, in the Civil Court of the City of New York, County of New York, Index No. SC-002232-25/NY.[6] In it, Plaintiff alleges that on November 13, 2024, a USPS vehicle collided with Plaintiff's vehicle at the intersection of Frederick Douglass Avenue and West 146th Street in New York County.[7] Plaintiff seeks to recover property damages in the amount of $9,056.35, plus interest.[8]

The Government removed the case to this Court on January 29, 2026,[9] and moved to dismiss on February 5, 2026.[10] More than six months have passed, and the motion remains unopposed. The Court considers the motion now.

### I. The FTCA

Sovereign immunity prohibits claims against the United States in federal court without its explicit consent. Negligence claims like the one at issue here, however, may be brought against the United States under the Federal Tort Claims Act (FTCA).[11] A claimant may file an FTCA claim in federal court only after satisfying the presentment requirement.[12] To satisfy the presentment requirement, a claimant's administrative claim "must provide a reviewing agency

---

[6] Notice of Claim, ECF No. 4-1.

[7] *See id.*

[8] *See id.*

[9] Notice of Removal, ECF No. 1.

[10] Motion to Dismiss, ECF No. 5.

[11] 28 U.S.C. §§ 1346(b), 2671-2680.

[12] *See* 28 U.S.C. § 2675(a) ("An action shall not be instituted . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency"); *McNeil v. United States*, 508 U.S. 106, 112 (1993) ("The most natural reading of the statute indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process.").

with sufficiently specific information as to the basis of the claim, the nature of claimant's injuries, and the amount of damages sought."[13]

Furthermore, under the FTCA, an action "shall be forever barred . . . unless [it] is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."[14] But if no final disposition of a claim is made by an agency within six months after filing of a claim, that shall be treated as an effective denial of the claim, starting the six-month statute of limitations for bringing an action under the FTCA.[15]

## II. Whether Plaintiff's Complaint Has Complied with the FTCA's Exhaustion Requirement

Here, Plaintiff's Notice of Claim does not allege that Plaintiff presented an administrative claim to the USPS or that such a claim was administratively denied prior to the commencement of this action.[16] Furthermore, the Government has submitted a declaration stating that the USPS maintains a record of administrative tort claims received, and has no record of any such claim filed by Plaintiff.[17] Accordingly, because Plaintiff failed to exhaust administrative remedies prior to commencing this action, his claim must be dismissed for lack of subject matter jurisdiction.

## CONCLUSION

For the reasons stated herein, The Government's motion to dismiss is **GRANTED**.

---

[13] *Collins v. United States*, 996 F.3d 102, 119 (2d Cir. 2021).

[14] 28 U.S.C. § 2401(b) ("six-month statute of limitations").

[15] *See* 28 U.S.C. § 2675(a) (stating that the "failure of an agency to make final disposition of a claim within six months after it is filed shall . . . be deemed a final denial of the claim").

[16] Notice of Claim, ECF No. 4-1.

[17] Declaration of Kimberly A. Herbst, dated January 25, 2026, ¶ 4. ECF No. 7.

The Clerk of Court is respectfully directed to terminate ECF No. 5, mail a copy of this Order to Plaintiff, and to close this case.

SO ORDERED.

Date: September 16, 2026
New York, New York

DALE E. HO
United States District Judge